| | |
|---|---|
| **DISTRICT COURT, COUNTY OF BOULDER STATE OF COLORADO** 1777 6TH St., Boulder, Colorado 80302 Phone: 303-441-3750 | DATE FILED: September 22, 2021 2:58 PM FILING ID: DAAF96F5543E3 CASE NUMBER: 2021CV30704 |
| **Plaintiff:** JULIET ("JULIE") GETZEL vs. **Defendants:** ATS SPECIALIZED, INC., a foreign corporation; ANDERSON TRUCKING SERVICE, INC., a/k/a ATS, INC., a foreign corporation; and ARTHUR EDWIN CARROLL III, an individual. . | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff:** William Babich, #11162 BABICH LAW FIRM, LLC 2750 S. Wadsworth Blvd. Suite C-206 Denver, Colorado 80227 Phone: (303) 691-5222 Fax: (303) 691-5136 and Jeremy Rosenthal, #34538 LAW FIRM OF JEREMY ROSENTHAL 4100 E. Mississippi Ave., Floor 19 Denver, Colorado 80246 Phone: (303) 825-2223 Fax:  (303) 825-2224 | Case No: Div/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Juliet Getzel, by and through her attorneys of record, BABICH LAW FIRM, LLC, and the LAW FIRM OF JEREMY ROSENTHAL, and for her Complaint against the above-captioned Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Juliet "Julie" Getzel (hereinafter "Julie Getzel") resided in Boulder, County, Colorado, at the time of the subject collision, and continues to reside in Boulder, County, County.

2. The subject collision occurred in the City and County of Boulder, State of Colorado.

3. At all times pertinent hereto, Defendant ATS Specialized, Inc. (hereinafter referred to as "ATS Specialized") was a foreign corporation, located at 725 Opportunity Drive, St. Cloud, MN 56301.

4. At all times pertinent hereto, Defendant Anderson Trucking Service, Inc., a/k/a ATS, INC. (hereinafter referred to as "Anderson Trucking") was a foreign corporation, located at 725 Opportunity Drive, St. Cloud, MN 56301.

5. At all times pertinent hereto, upon information and belief, Defendant Arthur Edwin Carroll III (hereinafter referred to as "Defendant Carroll") was a resident of a foreign state, who was operating a tractor with semi-trailer in Colorado at all times pertinent hereto.

6. Venue is proper pursuant to C.R.C.P. 98(c)(5).

## PRELIMINARY ALLEGATIONS

7. At all times pertinent to this action, Defendant ATS Specialized, was a motor carrier governed by the Federal Motor Carrier Safety Regulations (FMCSR), operating in interstate commerce under U.S. Department of Transportation (DOT) Motor Carrier No. 606056.

8. At all times pertinent to this action, Defendant Anderson Trucking was a motor carrier governed by the Federal Motor Carrier Safety Regulations (FMCSR), operating in interstate commerce under U.S. Department of Transportation (DOT) Motor Carrier No. 606920.

9. Upon information and belief, at all times pertinent to this action, Defendant Anderson and/or Defendant ATS Specialized operated the subject Peterbilt tractor with flatbed semi-trailer described herein in its trucking motor carrier operations.

10. On or about January 4, 2019, at approximately 11:15 a.m., truck driver Defendant Carroll was operating the subject ATS and/or Anderson Trucking 2018 Peterbilt tractor VIN: 1XPBDP5JD459023, Indiana license plate number 2533277, with flatbed semi-trailer.

11. Upon information and belief, at all times pertinent, the subject 2018 Peterbilt tractor, VIN: 1XPBDP5JD459023, Indiana license plate number 2533277, was registered to and owned by Defendant Anderson Trucking and operated by Defendant ATS Specialized and/or Defendant Anderson Trucking.

12. The semi-trailer involved in the subject collision, connected to the tractor driven by Defendant Carroll, VIN: 1TTF532A3D3779149, which is considered its own unit or vehicle with its own additional coverage, upon information and belief was owned and operated at all times pertinent by Defendant Anderson and/or Defendant ATS Specialized.

13. Upon information and belief, at all times pertinent, the subject Peterbilt tractor with flatbed semi-trailer was operated by Defendant ATS Specialized and/or Defendant Anderson Trucking.

14. At all times pertinent to this action, Defendant Carroll was engaged, employed, entrusted, and allowed by Defendant ATS Specialized and/or Defendant Anderson Trucking to operate the subject Peterbilt tractor with flatbed semi-trailer.

15. At all times pertinent to this action, Defendant Carroll was a permissive user of the subject Peterbilt tractor with flatbed semi-trailer.

16. At all times pertinent to this action, Defendant Carroll was operating the Peterbilt tractor with flatbed semi-trailer within the course and scope of his employment and/or agency with Defendant ATS Specialized and/or Defendant Anderson Trucking.

17. At all times pertinent to this action, Defendant Carroll was making a left turn from the outside left turn lane from southbound 30th St., onto eastbound Baseline Road in Boulder, Colorado.

18. At the same time, Plaintiff Julie Getzel was a driver making a left turn in the inside left turn lane from southbound 30th St., onto eastbound Baseline Road in Boulder, Colorado.

19. On or about January 4, 2019, Defendant Carroll operated the subject Peterbilt tractor with flatbed trailer in such a manner as to cause the flatbed trailer to enter the inside left hand turn lane and collide with the Plaintiff's car, sending it onto the center median.

20. Plaintiff's vehicle was totaled by the collision.

21. Defendant Carroll was cited for violating, C.R.S. 42-4-1402(1)(2)(B), careless driving causing injury.

22. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff Julie Getzel sustained personal injuries including but not limited to:

- **highly comminuted and intra-articular distal radius fracture of the right wrist for which she underwent right distal radius open reduction and internal fixation surgery;**
- **subsequent right distal radius removal of instrumentation surgery;**
- **partial scapholunate interosseous ligament tear;**

- **high-grade partial cartilage loss along the ulnar corner of the lunate and full thickness central zone triangular fibrocartilage complex (TFCC) tear, both consistent with post-traumatic impaction syndrome, which required triangular fibrocartilage complex debridement, as well as scapholunate interosseous ligament debridement and thermal shrinkage; and**
- **post-traumatic arthritis.**

23. As a further direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff Julie Getzel incurred in the past and will continue to incur into the future: economic damages, including but not limited to: economic damages including but not limited to past and future medical and other health care and rehabilitation expenses, life care expenses, loss of earnings, impairment of earning capacity; loss of household services; loss of time; and, non-economic damages, including but not limited to past and future: inconvenience, physical pain and mental suffering, and loss of quality and enjoyment of life; and permanent physical impairment and disfigurement damages; all to her damage in an amount to be determined at trial.

24. As a direct and proximate result of the acts and omissions of Defendants, and each of them due: wrist immobility due to pain and physical impairment from the injuries, Plaintiff Julie Getzel has, by way of example, has difficulty: working, typing, participating in sports activities, doing chores around the house including child and pet care, and sleeping well through the night; and has lost personal time and quality time for pursuing social and recreational activities.

25. Plaintiff Julie Getzel is entitled to interest on her damages, including pre-judgment interest pursuant to C.R.S. 13-21-101, from the time of the event, compounded annually from the date of filing, as well as post-judgment interest allowed by law.

## FIRST CLAIM FOR RELIEF
(**Negligence – Defendant Carroll**)

26. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each Claim for Relief so far as necessary to this Claim for Relief, as if set forth verbatim herein.

27. Defendant Carroll owed the public, including the Plaintiff, a duty to exercise reasonable care in the operation of the subject Peterbilt tractor and semi-trailer unit.

28. Defendant Carroll negligently operated the Peterbilt tractor and flatbed semi-trailer, which negligence includes but is not limited to: cutting the corner by starting the left turn before reaching the center of the intersection and off-tracking of the semi-trailer into the adjacent lane; improper routing and hazard perception and recognition; improper space management; improper space management and failure to keep a proper lookout; failure to know and adjust to presence of vehicles in adjacent lane; and crashing semi-trailer into Plaintiff's car in the adjacent lane, sending it onto the center median.

29. Defendant Carroll negligently caused the semi-trailer of the unit he was operating to cross into the inside left turn lane occupied by Plaintiff, causing the semi-trailer to crash into Plaintiff's vehicle and propelling it onto the center median.

30. Defendant Carroll operated the Peterbilt tractor and semi-trailer on a public highway in a careless and reckless manner resulting in injury to the Plaintiff.

31. As a direct and proximate result of Defendant Carroll's acts and omissions, Plaintiff sustained injuries, damages, and losses as set forth in the Preliminary Allegations.

WHEREFORE, the Plaintiff prays for relief as is more particularly hereinafter set forth.

### SECOND CLAIM FOR RELIEF
(**Negligence *Per Se* – Defendant Carroll**)

32. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each Claim for Relief so far as necessary to this Claim for Relief, as if set forth verbatim herein.

33. Defendant Carroll operated the Peterbilt tractor and semi-trailer trailer unit in violation of applicable municipal ordinances and/or Colorado state statutes, including, but not limited to: C.R.S., Section 42-4-1402(1)(2)(B) (Careless Driving-Causing Injury); Section 42-4-1007(1)(a) (Driving in Multiple Lanes); and C.R.S., Section 42-4-1401 (Reckless Driving).

34. Plaintiff Julie Getzel is a member of the class of persons sought to be protected by said ordinances and statutes and suffered the type of harms against which the laws were designed to protect.

35. Defendant Carroll's violation of said ordinances and statutes constitutes negligence *per se*.

36. As a direct and proximate result of Defendant Carroll's negligence *per se*, Plaintiff sustained injuries, damages, and losses as set forth in the Preliminary Allegations.

WHEREFORE, the Plaintiff prays for relief as is more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF
(*Respondent Superior* – **Vicarious Liability
– Defendant ATS Specialized and/or Defendant Anderson Trucking**)

37. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each claim of relief, so far as necessary to this Claim for Relief, as though set forth verbatim herein.

38. At all times pertinent to this action, Defendant Carroll was acting within the course and scope of his employment and/or agency with Defendant ATS Specialized and/or Defendant Anderson Trucking.

39. Defendant ATS Specialized and/or Defendant Anderson Trucking is vicariously liable for the acts and omissions of Defendant Carroll at all times pertinent to this collision under the doctrine *respondent superior*.

40. As a result of Defendant Carroll's acts and omissions for which Defendant ATS Specialized and/or Defendant Anderson Trucking is vicariously liable, Plaintiff suffered injuries, damages, and losses as set forth in the Preliminary allegations.

WHEREFORE, the Plaintiff prays for relief as is more particularly hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
(Negligent Business Operations including Negligent Routing
– Defendant ATS Specialized and/or Defendant Anderson Trucking)

41. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each claim of relief, so far as necessary to this Claim for Relief, as though set forth verbatim herein.

42. Defendant ATS Specialized and/or Defendant Anderson Trucking had a duty to the motoring public, including Plaintiff, exercise reasonable care in its business operations including to dispatch, schedule, direct, and/or route its tractor with semi-trailers so as not to require its truck drivers to make hazardous left turns in city traffic, risking the off-tracking of the semi-trailer into an adjacent lane, endangering the motoring public, such as the Plaintiff.

43. Defendant ATS Specialized and/or Defendant Anderson Trucking failed to exercise reasonable care in its business operations including but not limited to negligently dispatching, scheduling, directing, and/or routing its truck drivers in a manner that required them to make hazardous left turns in city traffic, of which it knew or should have known risks off-tracking of the semi-trailer into an adjacent lane, endangering the motoring public, such as the Plaintiff.

44. As a direct and proximate result of the direct and acts and omissions of Defendant ATS Specialized and/or Defendant Anderson Trucking, Plaintiff sustained injuries, damages, and losses as set forth in the Preliminary Allegations.

## FIFTH CLAIM FOR RELIEF
(Negligent Training, Supervision, and Entrustment
– Defendant ATS Specialized and/or Defendant Anderson Trucking)

45. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each claim of relief, so far as necessary to this Claim for Relief, as though set forth verbatim herein.

46. Defendant ATS Specialized and/or Defendant Anderson Trucking failed to adequately and properly train, monitor, and supervise its truck driver Carroll, resulting in the subject collision.

47. Defendant ATS Specialized and/or Defendant Anderson Trucking knew or should have known at the time of the entrustment of the Peterbilt tractor with semi-trailer that driver Carroll was likely to make left turns in city traffic with the subject Peterbilt tractor and semi-trailer which he was not competent and/or capable to execute without off-tracking of the semi-trailer into an adjacent lane, resulting in the subject collision.

48. As a direct and proximate result of the direct acts and omissions of Defendant ATS Specialized and/or Defendant Anderson Trucking in failing to adequately and properly train, monitor, and supervise truck driver Carroll, Plaintiff sustained injuries, damages, and losses as set forth in the Preliminary Allegations.

49. As a direct and proximate result of the direct acts and omissions of Defendant ATS Specialized and/or Defendant Anderson Trucking in negligently entrusting its Peterbilt tractor with flatbed semi-trailer to driver Carroll, Plaintiff sustained injuries, damages, and losses as set forth in the Preliminary Allegations.

## SIXTH CLAIM FOR RELIEF
**(Anderson Trucking Service Inc. – Vicarious Liability for Defendant ATS Specialized Inc., and Defendant Carroll)**

50. Plaintiff incorporates by reference the Preliminary Allegations and the allegations of each claim of relief, so far as necessary to this Claim for Relief, as though set forth verbatim herein.

51. Upon information and belief, at all times pertinent, Defendant Anderson is a family-owned business.

52. Defendants Anderson and ATS Specialized, at all times pertinent, both have the same corporate office address listed as, 725 Opportunity Drive, P.O. Box 1377, Saint Cloud, MN.

53. Defendant Anderson and ATS Specialized, at all times pertinent, both have the same business address in Gary, Indiana.

54. Defendant Anderson and ATS Specialized, at all times pertinent, both have the same Chief Executive Officer (CEO).

54. Defendants Anderson and ATS Specialized, at all times pertinent, both have the same Treasurer or Chief Financial Officer (CFO).

55. Defendants Anderson and ATS Specialized, at all times pertinent, both have the same secretary.

56. Both Defendant Anderson and ATS Specialized, at all times pertinent, have common officers and a common business purpose.

57. The phone number listed on the website for ATS Specialized, at all times pertinent, is answered by Defendant Anderson.

58. Defendant ATS Specialized, at all times pertinent, was registered as foreign corporation in Indiana by the secretary of Defendant Anderson.

59. Upon information and belief, at all times pertinent, the officers and directors listed on ATS Specialized's application for operating authority are the same as the individuals listed on Defendant Anderson's corporate filings.

60. Defendant Anderson refers to ATS Specialized as its heavy equipment transport unit.

61. Upon information and belief Defendant Anderson directs, manages and controls the business operations of ATS Specialized.

62. The subject tractor involved in the collision specific to this action is registered to Defendant Anderson.

63. The tractor involved in the collision specific to this action operates under a DOT number registered to Defendant ATS Specialized.

64. Upon information and belief, at all times pertinent, ATS Specialized is an instrumentality of Defendant Anderson.

65. Upon information and belief, at all times pertinent, Defendant ATS Specialized is a unit, department, or division of Defendant Anderson.

66. Upon information and belief, at all times pertinent, Defendant ATS Specialized takes its business direction from Defendant Anderson.

67. Upon information and belief, at all times pertinent, ATS Specialized does not operate independent of the goals of Defendant Anderson.

68. Defendant Anderson is directly and/or vicariously liable for the act and omissions of Defendant ATS Specialized, including both the direct and vicarious liability of Defendant ATS Specialized.

69. Defendant Carroll was acting within the course and scope of his employment and/or agency with Defendant Anderson and/or ATS Specialized.

70. Defendant Anderson and/or ATS Specialized are vicariously liable for the acts and omissions of Defendant Carroll under the doctrine *Respondent Superior.*

71. As a result of Defendant Carroll's acts and omissions for which Defendant Anderson and/or ATS Specialized are vicariously liable, Plaintiff suffered injuries, damages, and losses as set forth in this Complaint.

WHEREFORE, the Plaintiff prays for relief as is more particularly hereinafter set forth.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the Court to enter judgment for Plaintiff, and against Defendants, and each of them, and award Plaintiff her compensatory damages in an amount to be determined at trial; plus interest pursuant to C.R.S. §13-12-101, and post judgment interest as allowed by law; costs including expert witness fees; attorney fees as allowed by law if there be any frivolous or groundless denial, defense, or affirmative defenses; and for such other and further relief as the Court may deem proper and just.

### JURY DEMAND

Demand is hereby made for a trial by jury of six persons.

Respectfully submitted,

BABICH LAW FIRM, LLC
*[Original signature on file at BABICH LAW FIRM, LLC]*

*/s/ William Babich*
William Babich, #11162
2750 S. Wadsworth Blvd.
Suite C-206
Denver, Colorado 80227
303-691-5222

and

LAW FIRM OF JEREMY ROSENTHAL
*[Original signature on file at LAW FIRM OF JEREMY ROSENTHAL]*

*/s/ Jeremy Rosenthal*
Jeremy Rosenthal, #34538
4100 E. Mississippi Ave., Floor 19
Denver, Colorado 80246

Plaintiff's Address:
1654 Walker St.

Erie, CO 80516