**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL ACTION NO. 1:21-CV-02836-DDD-NRN**

JULIET ("JULIE") GETZEL,

Plaintiff,

v.

ATS SPECIALIZED, INC., a foreign corporation;
ANDERSON TRUCKING SERVICE, INC., a/k/a ATS, a foreign corporation; and
ARTHUR CARROLL III, an individual,

Defendants.

**ANDERSON TRUCKING SERVICE, INC.'S REPLY IN SUPPORT**
**OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Anderson Trucking Service, Inc., by and through counsel, Treece Alfrey Musat P.C., hereby submits its Reply in Support of Motion for Judgment on the Pleadings (ECF No. 49) and responds to Plaintiff Julie Getzel's Response (ECF No. 77) as follows:

**I.   INTRODUCTION**

Ms. Getzel sues for a wrist injury sustained when a flatbed semi-trailer pulled by a tractor driven by Arthur Carroll III struck her car. (Pl.'s Resp. 1–2; Compl. ¶ 19, ECF No. 1-3). The pleadings establish the following facts conclusively: ATS Specialized, Inc., a motor carrier, was operating the tractor and flatbed semi-trailer. (Compl. ¶¶ 7, 9, 11, 13; Answer ¶¶ 7, 9, 11, 13, ECF No. 13). ATS Specialized employed Mr. Carroll. (Compl. ¶¶ 14, 16, 38; Answer ¶¶ 14, 16, 38). Mr. Carroll was driving the tractor-trailer within the course and scope of his employment with ATS Specialized when the collision occurred. (Compl. ¶¶ 10, 16, 38; Answer ¶¶ 10, 16,

38).

The defendants indisputably responsible for the tractor-trailer and for Mr. Carroll—ATS Specialized and Mr. Carroll—are party to Ms. Getzel's action and have appeared, answered, and defended. There is no contention their assets are insufficient or unreachable to satisfy a judgment. Yet Ms. Getzel also seeks to hold Anderson Trucking Service, Inc., a separate corporation and "the parent company of ATS Specialized," liable. (Pl.'s Resp. 14). The question before the Court on Anderson Trucking Service's Fed. R. Civ. P. 12(c) motion is whether the factual allegations in her Complaint—considered with the Answer and matters subject to judicial notice—are sufficient to state a plausible claim for relief against Anderson Trucking Service.

They are not. Although Ms. Getzel proposes that Anderson Trucking Service is "***also*** . . . the actual and/or constructive employer of Defendant Carroll" in addition to ATS Specialized (Pl.'s Resp. 5), she pleads no theory of dual employment, nor supporting facts. (*See* Compl.). Without plausibly pleading an employment relationship, she fails to state vicarious-liability and direct-negligence claims. Ms. Getzel's veil-piercing theory, governed by the law of Minnesota, where Anderson Trucking Service is incorporated (Ex. A. to Opp'n to Pl.'s Mot. to Hold Mot. for J. on Pleadings in Abeyance, ECF No. 59-1 (certified filings from Minnesota Secretary of State[1])), also requires elements for which she pleads no factual support or insufficient factual support: that ATS Specialized is a mere façade for Anderson Trucking Service and that it has

---

[1] Anderson Trucking Service renews its Fed. R. Evid. 201(c) request to take judicial notice of the fact that it is a Minnesota corporation. (Opp'n to Pl.'s Mot. to Hold Mot. for J. on Pleadings in Abeyance 6, ECF No. 59.) Judicial notice of its incorporation in Minnesota does not convert its motion into one for summary judgment. *United States v. Zazi*, 356 F. Supp. 3d 1105, 1114 (D. Colo. 2018); *JP Morgan Trust Co. v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (documents filed with secretary of state subject to judicial notice on motion to dismiss).

been operated unjustly or as a constructive fraud. Judgment should be entered for Anderson Trucking Service.

## II. PLAINTIFF RELIES ON AN OUTDATED RULE 12(C) STANDARD

Ms. Getzel relies on outdated case law, including *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F. Supp. 1048 (D. Colo. 1985) and the 65-year-old decision *Conley v. Gibson*, 355 U.S. 41 (1957), to describe the standard for judgment on the pleadings. (Pl.'s Resp. 2–3). But *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), govern the sufficiency of her allegations against Anderson Trucking Company.  To survive dismissal, she must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Quoting the same outdated case law, Ms. Getzel also calls judgment on the pleadings "a drastic remedy."  (Pl.'s Resp. 2, quoting *Power Motive*).  Judgment for Anderson Trucking Service would not be "drastic," because the defendants who were parties to the collision with Ms. Getzel—Mr. Carroll and ATS Specialized—remain answerable for it.

Ms. Getzel filed six attachments.  (*See* Pl.'s Resp.).  The Court should exclude them and decide the Rule 12(c) motion on the pleadings rather than converting it to one for summary judgment.  The district court has broad discretion in determining whether to accept or exclude materials outside the pleadings. *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).  Anderson Trucking Service "chose to proceed under Rule 12(c)," and "[f]airness dictates that, absent some persuasive justification, the moving party should be able to obtain the benefit of the particular rule he or she has chosen to move under." *Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 848 (N.D. Ohio 2013) (declining to consider materials plaintiff

3

presented outside the pleadings in deciding defendant's Rule 12(c) motion.)[2]

### III. MS. GETZEL'S PLEADED ALLEGATIONS ARE INSUFFICIENT TO STATE A PLAUSIBLE VICARIOUS-LIABILITY OR DIRECT-NEGLIGENCE CLAIM.

In light of pleadings establishing conclusively that ATS Specialized was the motor carrier operating the tractor-trailer, that ATS Specialized employed Mr. Carroll, and that Mr. Carroll was driving within the scope of his employment for ATS Specialized at the time of the collision (Compl. ¶¶ 7, 9, 10, 11, 13, 14, 16, 38; Answer ¶¶ 7, 9, 10, 11, 13, 14, 16, 38), Ms. Getzel fails to allege facts sufficient to state a plausible theory of Anderson Trucking Service's vicarious or direct liability as Mr. Carroll's second employer.

#### A. Plaintiff now suggests, but has never pleaded, a theory of dual employment.

Ms. Getzel acknowledges the parties' agreement that ATS Specialized employed Mr. Carroll, who was driving within the course and scope of that employment when the collision

---

[2] Additionally, Ms. Getzel's exhibits are in inadmissible form or otherwise immaterial. *See* Fed. R. Civ. P. 56(c)(2). Four—at ECF Nos. 77-1, 77-2, 77-4, and 77-6—consist of unsworn expert reports and unauthenticated documents and photographs. These are not competent. *E.g.*, *Guy v. Jorstad*, No. 1:12-cv-01249-RM-KMT, 2015 U.S. Dist. LEXIS 151728, at *14, 18 (D. Colo. Nov. 9, 2015) ("unsworn expert report and unauthenticated documents" not competent and failed to create genuine issue of material fact). Ms. Getzel offers deposition testimony of Nathaniel Leis, ATS Specialized's corporate designee, on which entity employed Mr. Leis. (Pl.'s Resp. 10.) But Mr. Leis' employer is immaterial to who employed Mr. Carroll, and Mr. Leis' description of certain services provided by Anderson Trucking Service under contract, for which it bills and requires payment from ATS Specialized (Pl.'s Resp. 10, citing Leis Dep.), does not establish alter-ego liability. *Roulo v. Keystone Shipping Co.*, No. 0:17-cv-05538-JRT-LIB, 2018 U.S. Dist. LEXIS 185279, at *25–28 (D. Minn. Oct. 30, 2018) (explaining that "the fact that a business relationship existed between a parent and subsidiary is not enough . . ."). Ms. Getzel offers Mr. Carroll's testimony on his subjective belief that Anderson Trucking Service employed him. (Pl.'s Resp. 5, citing Carroll Dep.) Legally, who employed Mr. Carroll does not turn on his opinion, but turns instead on the alleged employer's right to control the details of his work performance and on other factors including the right to hire, the right to fire, and compensation. *Norton v. Gilman*, 949 P.2d 565, 567 (Colo. 1997). As to hiring, Ms. Getzel admits Mr. Carroll applied "for employment as a Company Driver with ATS Specialized, Inc." (Pl.'s Resp. 13).

occurred. (Pl.'s Resp. at 5).  But she contends that the pleadings raise a dispute "[w]hether Defendant Carroll was also an employee of Defendant Anderson Trucking Service." (*Id.*)  The problem with this position is that Ms. Getzel *does not plead in her Complaint* any legal theory of dual employment, nor any facts that would plausibly support a claim for Anderson Trucking Service's vicarious or direct liability as Mr. Carroll's supposed second employer.  (*See* Compl.).

Colorado law recognizes limited theories of dual employment or borrowed/lent servant under which a worker could have more than one legal "employer" or "employer" status may shift from one entity to another.  A true "dual employment relationship" arises in "labor-broker situations," such as when an employee of a temporary help agency is assigned to work for an organization that shares the right to control the details of his or her work performance.  *Evans v. Walker*, 832 P.2d 951, 953, 956 (Colo. App. 1991).  In that situation, both the agency and the workplace to which its employee reports are his or her "employers . . . , each having control over her work in different respects." *Id.* at 956.

A lent servant situation arises when a worker's "general employer" (who hired, pays, and maintains the right to discharge the worker, and may provide the worker's equipment) dispatches him to perform services for another or sends him to operate equipment for one who has leased the equipment from his general employer. *Chartier v. Winslow Crane Serv. Co.*, 350 P.2d 1044, 1052–55 (Colo. 1960).  An example is an operator of specialized equipment dispatched to a construction site. *Id.* "[W]hether the lent servant has become the servant of the borrowing employer," relieving the general employer "from the results of the legal relation of master and servant," turns on multiple factors. *Id.* (citing and applying numerous cases and Restatement (Second) of Agency § 227 (1958)).  A borrowing employer who "ha[s] complete control" over

the lent servant's work becomes the legal employer, but in most cases and especially where the borrowing employer directs a result but not the manner in which it is to be performed, the lending employer maintains the status of sole legal employer. *See id.* at 1052–53, 1055.

In her Complaint, Ms. Getzel merely pleads in the alternative that Mr. Carroll was an employee or agent "with Defendant ATS Specialized and/or Defendant Anderson Trucking" and operated the tractor-trailer "within the course and scope of his employment." (Compl. ¶ 16; *see also* Pl.'s Resp. 4 (quoting Complaint)). Nowhere does she plead any legal theory of dual or lent employment, nor any factual allegations that, if true, would plausibly make Anderson Trucking Service Mr. Carroll's second, legal employer. In light of the parties' agreement that motor carrier ATS Specialized employed Mr. Carroll, who was operating its tractor-trailer within the scope of that employment at the time of the collision, a dual employment relationship would be essential to state a plausible claim against Anderson Trucking Service as Mr. Carroll's employer. "And/or" is insufficient under *Twombly*, *Iqbal*, and Fed. R. Civ. P. 8(a)(2) to plead one plausibly.

The parties' agreement that ATS Specialized is the motor carrier that operated the tractor-trailer also presents a problem for Ms. Getzel's unpleaded dual employment theory. The Supreme Court of Colorado has previously recognized that a truck driver hauling freight and the tractor-trailer he drove were necessarily "under the exclusive control, and subject at all times to the exclusive direction," of the motor carrier under whose authority they operated. *Am. Red Ball Transit Co. v. Indus. Comm'n of Colo.*, 359 P.2d 1018, 1020 (Colo. 1961). The parties agree Mr. Carroll drove the tractor-trailer under ATS Specialized's authority as an interstate motor carrier; legally, he was subject to ATS Specialized's direction and control.

### B. Plaintiff omits facts essential to state a plausible vicarious-liability claim.

Ms. Getzel makes clear that her *respondeat superior* claim against Anderson Trucking Service is premised on its status as employer of Mr. Carroll. (*See* Pl.'s Resp. 3–5). Because she does not plausibly plead either a legal theory of dual employment or the requisite facts by which Anderson Trucking Service could become Mr. Carroll's second employer, she is unable plausibly to plead *respondeat superior* liability.

Even ignoring her omission of dual employment allegations, Ms. Getzel omits alleged facts to establish essential elements—mutual consent and the right to control work performance—to create a principal-agent relationship between Anderson Trucking Company and Mr. Carroll that could give rise to vicarious liability. "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." *Stortroen v. Beneficial*, 736 P.2d 391, 395 (Colo. 1987) (en banc) (quoting Restatement (Second) of Agency § 1(1) (1958).) To establish an agency relationship existed, the first "critical determination" is whether *both* the purported principal and purported agent "agreed to enter" into an agency relationship in which they mutually intended the agent to act on the principal's behalf and subject to its control. *W. Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 576 (Colo. App. 2006). Next, the "central element" in determining whether one performed work as an agent or employee, for which the one employing him is liable under the doctrine of *respondeat superior*, "is the right of the employer to control the details of performance of the employee's duties." *Gallinger v. R. Martinez Trucking*, No. 2019CV034727, 2020 U.S. Dist. LEXIS 4613, at *9 (Colo. Dist. Ct., Denver Cnty. Dec. 14, 2020) (citing *Norton v. Gilman*, 949 P.2d 565, 567 (Colo. 1997) (en

7

banc), and Restatement (Second) of Agency § 220).  Colorado also looks to other relevant "control factors," including "the right to hire, payment of salary, or the right to dismiss" *Id.*  To raise a genuine issue of fact on *respondeat superior* liability requires a plaintiff to establish sufficient control to raise a genuine issue on the existence of an agency relationship. *Id.* at *11. A third prerequisite to *respondeat superior* liability is that the agent committed a tort "while acting within the scope of his employment or agency" with the principal. *Id.* at *8–9.

Here, where the pleadings establish conclusively that Mr. Carroll was the employee of ATS Specialized acting within the scope of his employment with ATS Specialized at the time of his collision with Ms. Getzel, she does not plausibly state a claim for *respondeat superior* liability by pleading only the legal conclusions that:

> 38. At all times pertinent to this action, Defendant Carroll was acting within the course and scope of his employment and/or agency with Defendant ATS Specialized and/or Defendant Anderson Trucking.
> 39. Defendant ATS Specialized and/or Defendant Anderson Trucking is vicariously liable for the acts and omissions of Defendant Carroll at all times pertinent to this collision under the doctrine *respondeat superior*.
> (Compl. ¶ 38–39).

She would need to plead sufficient factual content to establish plausibly that *both* Anderson Trucking Service and Mr. Carroll agreed to enter an agency relationship under which Mr. Carroll's work would be subject to the direction and control of Anderson Trucking Service; that Anderson Trucking Service had the right to control the details of Mr. Carroll's work performance hauling the load under one or more relevant "control factors" including who hired, had the right to discipline or fire, compensated, and furnished equipment to Mr. Carroll; and that Mr. Carroll was acting for Anderson Trucking Service within the scope of the agreed agency when the collision occurred.

Ms. Getzel's reliance on Mr. Carroll's deposition testimony is misplaced. First, as matter outside the pleadings, it should not be considered on the motion Anderson Trucking Service intentionally brought under Fed. R. Civ. P. 12(c) to hold Ms. Getzel to her pleading burden. *See Marsilio*, 924 F. Supp. 2d at 848. Second, Mr. Carroll's subjective opinion whether he worked for Anderson Trucking Service is not among the factors considered in determining whether he was its legal "employee." *Norton*, 949 P.2d at 567–68. Moreover, under the threshold requirement of mutual consent necessary to form the fiduciary relationship called agency, Mr. Carroll could not unilaterally have created an agency by his personal belief.

### C. Plaintiff's pleaded direct-negligence theories *do* require an employment relationship not established by facts alleged in her Complaint.

Because Ms. Getzel does not plausibly plead either a legal theory of dual employment or factual support for Anderson Trucking Service's status as Mr. Carroll's second employer, the parties' agreement that ATS Specialized employed Mr. Carroll, that Mr. Carroll was driving within the scope of that employment, and that ATS Specialized was operating the tractor-trailer at the time of the collision also leave her unable to plausibly state direct-negligence claims against Anderson Trucking Service. Both of Ms. Getzel's counts for direct negligence are, as pleaded, premised on an employment relationship with Mr. Carroll. (*See* Compl. ¶ 43 ("negligently dispatching, scheduling, directing, and/or routing its truck drivers"), ¶ 46 ("Defendant Anderson Trucking failed to adequately and properly train, monitor, and supervise its truck driver Carroll")). Her position that negligence for hiring, training, or supervision "does ***not*** depend upon an employer-employee relationship" (Pl.'s Resp. 6) is contrary to Colorado law. "It is axiomatic that a prerequisite to establishing negligent hiring is an employment or agency relationship." *Moses v. Diocese of Colorado*, 863 P.2d 310, 323–24 (Colo. 1993) (en banc).

9

**IV. PLAINTIFF IGNORES APPLICABLE LAW AND FAILS TO PLEAD FACTS NECESSARY TO STATE A PLAUSIBLE VEIL-PIERCING CLAIM.**

The Court has previously recognized, including at the pleading stage, as "a general principal of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiary." *Mandelbaum v. Fiserv Inc.*, 787 F. Supp. 2d 1226, 1235 (D. Colo. 2011). Ms. Getzel seeks in her sixth count to hold Anderson Trucking Service liable, as parent of ATS Specialized, for damages she alleges Mr. Carroll caused and for which ATS Specialized is liable. (Compl. ¶¶ 50–71). This *is* a veil-piercing or alter-ego theory (*see* Pl.'s Resp. 11), and Ms. Getzel ignores the applicable framework. (*See id.* at 9–14; Mot. for J. on the Pleadings 7–10, ECF No. 49.). The law of Anderson Trucking Service's state of incorporation—Minnesota (*see supra* n.1 and ECF No. 59-1)—governs. *Medtronic Navigation, Inc. v. St. Louis Univ.*, 2013 U.S. Dist. LEXIS 1356999, at *26 (D. Colo. Sept. 23, 2013). Minnesota law requires "fraud or bad faith" to hold a corporation liable for the acts of its subsidiaries. *Ass'n of Mill & Elevator Mut. Ins. Co. v. Barzen Int'l Inc.*, 553 N.W.2d 446, 449 (Minn. Ct. App. 1996). At the pleading stage, a plaintiff must allege facts showing both that the subsidiary's corporate form "is a mere 'façade'" for its parent's dealings and that piercing the corporate veil is necessary to avoid injustice, because the subsidiary "has been operated as a constructive fraud or in an unjust manner." *North Cent. EMS Corp. v. Bound Tree Med, LLC*, 2016 U.S. Dist. LEXIS 17162, at *12 (D. Minn. Feb. 10, 2016).

Ms. Getzel neither alleges nor pleads any factual support to show that ATS Specialized was a mere façade for Anderson Trucking Service and was operated as a constructive fraud. (*See* Compl.). Consequently, she does not state a plausible claim to recover damages from Anderson Trucking Service for Mr. Carroll's negligence or ATS Specialized's vicarious liability.

As already stated, matters outside the pleadings should be excluded. But facts Ms. Getzel highlights in her brief would not be sufficient—even had they been pleaded—to reach Anderson Trucking Service. Anderson Trucking Service provided limited safety and background-check services to subsidiary ATS Specialized under contract, for which it billed and required payment from ATS Specialized (Pl.'s Resp. 10, citing Leis Deposition). This does not tend to establish that ATS Specialized's corporate form exists as a "mere façade" for Anderson Trucking Service or that ATS Specialized has been operated as a constructive fraud or in an unjust manner. "[T]he fact that a business relationship existed between a parent and subsidiary is not enough . . . to establish the parent as the alter-ego of the subsidiary."[3] Ms. Getzel also fixates on the appearance of "Anderson Trucking Service" and an "ATS" logo on certain forms and papers used in the business of subsidiaries including ATS Specialized. (*See* Pl.'s Resp. 13.) She cites no authority under which that would be sufficient to establish the fraud Minnesota law requires to pierce the corporate veil. Nor could it give rise to vicarious liability on an "apparent agency" theory, which requires the plaintiff's reliance. *Daly v. Aspen Ctr. for Women's Health*, 134 P.3d 450, 455 (Colo. Ct. App. 2005). Ms. Getzel did not act in reliance on a logo; she was involved in a motor vehicle accident and the logo was not a factor to the accident.

---

[3] Ms. Getzel significantly misrepresents certain matters outside the pleadings to the Court, including Leis' deposition. For example, she states, "Notably, ATS Specialized does not deny Anderson Trucking Service being [sic] handles hiring, training, supervising, routing, dispatching, or scheduling," citing the deposition of ATS Specialized's corporate representative "at 26:13–27:1," ECF No. 77-3. (Pl.'s Resp. 10.) The entire exchange cited includes neither a question asking, nor an answer admitting, such roles with ATS Specialized specifically, and touches only on decision making for what driving concepts and skills will be trained across corporate groups. Testimony of ATS Specialized's Rule 30(b)(6) designee, some of which Ms. Getzel has filed with the Court, is clear and unequivocal that any services for which ATS Specialized uses Anderson Trucking Service personnel are billed to and paid by ATS Specialized and performed under contract on behalf of ATS Specialized.

V.   **CONCLUSION**

WHEREFORE, Defendant Anderson Trucking Service, Inc. respectfully requests that the Court decide this Motion *on the pleadings* in accordance with Fed. R. Civ. P. 12(c) and enter judgment in Defendant's favor, and for any other relief deemed just and proper.

Respectfully submitted this 6th day of February, 2023.

> */s/ Reza D. Rismani, original signature on file*
> Reza D. Rismani
> Carol L. Thomson
> Treece Alfrey Musat P.C.
> 633 17th Street, Suite 2200
> Denver, CO 80202
> Tele: (303) 292-2700
> Email: rrismani@tamlegal.com
> *Attorneys for Defendants*


**CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of February, 2023, I electronically filed a copy of the foregoing with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, which served via email the following counsel of record:

William Babich – firm@babichlawfirm.com
Babich Law Firm, LLC
*Attorney for Plaintiff*

Jeremy Rosenthal – jeremy@lfojr.com
Law Firm of Jeremy Rosenthal
*Attorney for Plaintiff*

James M. Dill - jdill@dillfirm.com
The Dill Firm
*Attorney for Defendant, Arthur Carroll, III*

              /s/*Victoria Reimche, original signature on file*
              Victoria Reimche