IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CIVIL ACTION NO. 1:21-CV-02836-DDD-NRN**

JULIET ("JULIE") GETZEL,

Plaintiff,

v.

ATS SPECIALIZED, INC., a foreign corporation;
ANDERSON TRUCKING SERVICE, INC., a/k/a ATS, a foreign corporation; and
ARTHUR CARROLL III, an individual,

Defendants.

**ANDERSON TRUCKING SERVICE, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Anderson Trucking Service, Inc., by and through counsel, Treece Alfrey Musat, P.C., moves under Federal Rule of Civil Procedure 56 for entry of summary judgment, and in support thereof states as follows.

D.C.COLO.LCivR 7.1(3) exempts summary judgment motions from the duty to confer.

**I.   INTRODUCTION**

This is a personal injury action arising from an intersection collision of two vehicles as both turned left from and onto adjacent lanes. Plaintiff Juliet Getzel, southbound in her SUV on 30th Street in Boulder, turned from the left lane of two adjacent left-turn lanes onto the left eastbound lane of Baseline Road. (Compl. ¶¶ 2, 18, Sept. 22, 2021, ECF No. 1-3, Exhibit A hereto; Defs.' Answer ¶ 18, Oct. 29, 2021, ECF No. 13, Exhibit B hereto.) Defendant Arthur Carroll, III, southbound on 30th Street in a commercial tractor pulling a flatbed semi-trailer,

1

turned from the right-side left-turn lane onto the right eastbound lane of Baseline Road. (Compl. (Ex. A) ¶¶ 5, 10, 17; Defs.' Answer (Ex. B) ¶¶ 5, 10, 17.) Ms. Getzel alleges that as she and Mr. Carroll turned onto Baseline Road, the left side of his semi-trailer crossed partway into her lane and struck the right side of her vehicle. (Compl. (Ex. A) ¶¶ 19, 22.)

When the collision occurred, authorized-for-hire commercial motor carrier ATS Specialized, Inc., employed Mr. Carroll as a driver. (Affidavit of Nathaniel Leis ¶¶ 6, 8–10 & Aff. Ex. 1, Mar. 14, 2023, Exhibit C hereto. *See also* Compl. (Ex. A) ¶ 14; Defs.' Answer (Ex. B) ¶ 14 (parties agree ATS Specialized employed him).) Within the scope of that employment (Compl. (Ex. A) ¶ 16; Defs.' Answer (Ex. B) ¶ 16), Mr. Carroll was operating a tractor and semi-trailer owned and supplied by ATS Specialized, hauling a load that a shipper had engaged ATS Specialized to transport. (Leis Aff. (Ex. C) ¶¶ 15, 18 & Aff. Exs. 2, 4.)

Movant Anderson Trucking Service, Inc., is a separate corporation and business. (Leis Aff. (Ex. C) ¶¶ 3, 24; Anderson Trucking Service, Inc.'s Articles of Incorporation, Jan. 3, 1955, and Certificate of Merger, Dec. 14, 2018, Exhibit D hereto.) Anderson Trucking Service was not then and is not now a motor carrier. (Leis Aff. (Ex. C) ¶ 7.) It did not employ Mr. Carroll, and it lacked any right to direct his work. (Leis Aff. (Ex. C) ¶¶ 9-11.) It did not own the tractor or semi-trailer. (*Id.* at ¶ 15 & Aff. Ex. 2.) It had no role transporting the load. (*See* Leis Aff. (Ex. C) ¶ 7 (not motor carrier), *id.* at ¶ 18 & Aff. Ex. 4 (shipper hired ATS Specialized to transport load).) Anderson Trucking Service's connection to this matter is its status as ATS Specialized's parent corporation. (Leis Aff. (Ex. C) ¶ 3; *see also* Pl.'s Resp. to Def. Anderson Trucking Service, Inc.'s Mot. for J. on the Pleadings 14, Jan. 23, 2023, ECF No. 77 ("Anderson Trucking Service, as the parent company of ATS Specialized, . . . is liable for the actions of ATS Specialized

. . . .").)

That is not enough to raise a genuine dispute of material fact on any liability theory. Anderson Trucking Service is entitled to judgment as a matter of law.

Anderson Trucking Service moved for, and maintains the Court should enter, judgment on the pleadings, which raise no plausible right to relief from Anderson Trucking Service. (Anderson Trucking Service, Inc.'s Mot. for J. on the Pleadings, Oct. 10, 2022, ECF No. 49; Anderson Trucking Service, Inc.'s Reply in Supp. Mot. for J. on the Pleadings, Feb. 6, 2023, ECF No. 78.) Without waiving that threshold motion, Anderson Trucking Service moves under Rule 56 to show that Ms. Getzel is also unable to raise a genuine issue of material fact after taking the discovery she claimed would enable her to do so. She represented that depositions of Mr. Carroll and ATS Specialized would demonstrate Anderson Trucking Service's legal responsibility. (Pl.'s Mot. to Hold Def. Anderson Trucking Service, Inc.'s Mot. for J. on the Pleadings in Abeyance ¶ 5, Oct. 27, 2022, ECF No. 55.) She took both. (Fed. R. Civ. P. 30(b)(6) Deposition of Nathaniel Leis on Behalf of ATS Specialized, Inc., Nov. 22, 2022, Exhibit E hereto (*see* Leis Dep. (Ex. E) 30:4–23 for Leis's acknowledgment of status as ATS Specialized's Fed. R. Civ. P. 30(b)(6) designee); Deposition of Arthur Carroll, III, Nov. 17, 2022, Exhibit F hereto.) Claims against Anderson Trucking Service are ripe for summary judgment.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Ms. Getzel alleges that Mr. Carroll's negligent driving and his employer's direct negligence caused her accident and injury.

Ms. Getzel alleges that Mr. Carroll caused the January 4, 2019, collision and her injury by driving "negligently." (Compl. (Ex. A) ¶¶ 10, 28–31.) She also alleges that direct negligence

3

by Mr. Carroll's employer and by the owner of the tractor and semi-trailer resulted in the collision and her injury. (*Id.* at ¶¶ 43, 46–49.)

### B. Mr. Carroll applied to be a company driver for ATS Specialized, and ATS Specialized hired Mr. Carroll as a company driver.

Mr. Carroll is a commercial truck driver. (Carroll Dep. (Ex. F) 21:9–12.) ATS Specialized is an authorized-for-hire commercial motor carrier with active operating authority to transport property interstate. (Leis Aff. (Ex. C) ¶ 6.) Mr. Carroll applied on June 18, 2018, for employment with ATS Specialized as a flatbed company driver. (*Id.* at ¶ 8 & Aff. Ex. 1.) ATS Specialized hired him four days later. (Leis Aff. (Ex. C) ¶ 9; Leis Dep. (Ex. E) 93:7–8, 204:10–25. *See also* Leis Aff. (Ex. C) ¶ 20; Leis Dep. (Ex. E) 205:11–18 (right to hire ATS Specialized employees belongs to ATS Specialized).) "Company driver" is a term ATS Specialized uses to designate a driver as its employee, as opposed to one with whom it has entered an independent contractor agreement. (Leis Aff. (Ex. C) ¶ 9.) As company driver, Mr. Carroll was required to drive exclusively for ATS Specialized using ATS Specialized's equipment. (Leis Dep. (Ex. E) 224:5–13.) He worked as an ATS Specialized company driver until March 20, 2019. (Leis Aff. (Ex. C) ¶ 10.) ATS Specialized paid Mr. Carroll and bore the cost of worker's compensation insurance for Mr. Carroll. (*Id.* at ¶ 22.) Federal Motor Carrier Safety Regulations require a motor carrier to maintain a driver qualification file for each driver it employs, and ATS Specialized maintained the driver qualification file for Mr. Carroll. (*Id.* at ¶ 23; 49 C.F.R. § 391.51.)

### C. Within the scope of employment as an ATS Specialized company driver at the time of the accident, Mr. Carroll was hauling a load under ATS Specialized's operating authority that a shipper had engaged ATS Specialized to transport.

Within the scope of employment with ATS Specialized when the collision occurred, Mr.

4

Carroll was operating a commercial tractor and flatbed semi-trailer. (Compl. (Ex. A) ¶¶ 10, 15–16; Defs.' Answer (Ex. B) ¶¶ 10, 15–16; Leis Dep. (Ex. E) 235:20–236:7.) He was hauling a load that a shipper engaged ATS Specialized to transport. (Leis Aff. (Ex. C) ¶ 18 & Aff. Ex. 4.) Mr. Carroll had picked up the load in Illinois two days earlier. (Leis Aff. (Ex. C) ¶ 19 & Aff. Ex. 5.) He was turning to reach the delivery destination on Baseline Road when the collision occurred. (Carroll Dep. (Ex. F) 76:5–7, 77:5–8, 83:12–13 (several hundred feet from destination); Compl. (Ex. A) ¶ 17; Defs.' Answer (Ex. B) ¶ 17 (turning onto Baseline Road); Leis Aff. (Ex. C) ¶ 18 & Aff. Ex. 4 (listing destination as 3400 Baseline Road in Boulder).) ATS Specialized and Mr. Carroll transported the load under motor carrier ATS Specialized's active operating authority to transport property interstate. (Compl. (Ex. A) ¶¶ 7, 9–11, 13; Defs.' Answer (Ex. B) ¶¶ 7, 9–11, 13; Leis Aff. (Ex. C) ¶¶ 6, 15–16 & Aff. Ex. 3.)

### D. Only ATS Specialized had the rights to direct and supervise Mr. Carroll.

ATS Specialized maintained exclusive rights to manage and supervise Mr. Carroll and to direct details of his work performance not left to his discretion. (Leis Aff. (Ex. C) ¶ 11.) Anderson Trucking Service has no rights to manage or supervise a subsidiary's employees or direct details of their work performance. (*Id.*) Mr. Carroll's day-to-day contacts were with his fleet manager, a representative of ATS Specialized responsible for day-to-day direction, control, and supervision of employee drivers. (*Id.* at ¶ 12.) ATS Specialized dispatched Mr. Carroll on all of his trips during his employment as a company driver and provided all instructions Mr. Carroll received for the loads he transported. (*Id.* at ¶ 17.) Mr. Carroll certified and submitted his daily logs to ATS Specialized, which received, maintained, and reviewed them. (*Id.* at ¶ 19 & Aff. Ex. 5 (Mr. Carroll's certified logs for January 2–4, 2019, trip for "ATS SPECIALIZED, INC.").)

5

### E. Only ATS Specialized had the rights to discipline and fire Mr. Carroll.

Only ATS Specialized has rights to hire, discipline, and fire ATS Specialized employees, and during Mr. Carroll's employment as company driver, ATS Specialized alone had the rights to discipline and fire him. (Leis Aff. (Ex. C) ¶ 20.) Anderson Trucking Service has no right to discipline or fire an ATS Specialized employee. (*Id.* at ¶¶ 20, 26.) After the collision ATS Specialized counseled and issued a final warning to Mr. Carroll and assigned him remedial training on turning. (*Id.* at ¶ 21 & Aff. Ex. 6; Leis Dep. (Ex. E) 118:18–119:5, 121:23–123:17, 130:4–7.)

### F. ATS Specialized owned, supplied, and controlled the tractor and semi-trailer.

ATS Specialized provided Mr. Carroll with the vehicles and equipment he used as its company driver and was responsible for their maintenance, condition, and operation. (Leis Aff. (Ex. C) ¶ 13.) ATS Specialized owned both the tractor and flatbed semi-trailer operated by Mr. Carroll at the time of the collision, provided them to Mr. Carroll, and operated them under ATS Specialized's operating authority. (*Id.* at ¶ 15 & Aff. Ex. 2. *See also* Compl. (Ex. A) ¶ 63 (tractor operates under ATS Specialized's US DOT number).) Both sides of the tractor displayed ATS Specialized's name and US DOT number. (Leis Aff. (Ex. C) ¶ 16 & Aff. Ex. 3.)

### G. ATS Specialized and Anderson Trucking Service are separate corporations that observe corporate formalities and operate as separate businesses.

ATS Specialized, Inc., and Anderson Trucking Service, Inc., are separate corporations. (Leis Aff. (Ex. C) ¶ 3, 24; Leis Dep. (Ex. E) 10:5–13:6, 15:20–21.) Anderson Trucking Service is a Minnesota corporation. (Anderson Trucking Service, Inc.'s Articles of Incorporation, Jan. 3, 1955, and Certificate of Merger, Dec. 14, 2018 (Ex. D).) It owns multiple subsidiary corporations. (Leis Dep. (Ex. E) 13:4–18, 18:12–20, 22:5–16.) Anderson Trucking Service is not

an authorized motor carrier and was not one on January 4, 2019. (Leis Aff. (Ex. C) ¶ 7.) ATS Specialized is a wholly owned subsidiary of Anderson Trucking Service. (*Id.* at ¶ 3; Leis Dep. (Ex. E) 10:8–11:12, 12:2–12, 13:4–6, 236:24–237:2.) ATS Specialized is a motor carrier that transports freight interstate on flatbed and specialized trailers. (Leis Aff. (Ex. C) ¶ 6; Leis Dep. (Ex. E) 25:16–26:2, 37:8–24.)

Each functions as a separate company and observes corporate formalities. (Leis Aff. (Ex. C) ¶ 24; Leis Dep. (Ex. E) 10:5–11:20.) ATS Specialized conducts business, makes decisions, and hauls and delivers loads without instructions or control from Anderson Trucking Service. (Leis Dep. (Ex. E) 237:3–17.) Any business between them is documented and conducted at arm's length. (Leis Aff. (Ex. C) ¶ 25.) Each has its own employees and payroll. (*Id.* at ¶ 26; *see also id.* at ¶¶ 20, 26 (Anderson Trucking lacks rights to hire, discipline, and fire an ATS Specialized employee).) Each has its own officers and directors, and the officers and directors of ATS Specialized meet separately from officers and directors of Anderson Trucking Service. (*Id.* at ¶ 28.) ATS Specialized maintains its own corporate and financial records and files its own tax returns and corporate filings. (*Id.* at ¶¶ 27, 29.) ATS Specialized enters contracts and holds assets in its own name. (*Id.* at ¶ 30.) Anderson Trucking Service does not conduct business in the name of ATS Specialized. (*Id.* at ¶ 31.)

Ms. Getzel does not plead any abuse of corporate form to perpetuate fraud or injustice. (Compl. (Ex. A) ¶¶ 50–71.)

### H. ATS Specialized is solvent and able to satisfy any judgment against it.

ATS Specialized is solvent, is sufficiently capitalized for its undertakings, and is able to satisfy any judgment entered in this action. (Leis Aff. (Ex. C) ¶¶ 32–33.) Ms. Getzel does not plead

7

otherwise. (Compl. (Ex. A) ¶¶ 50–71.)

### III. LAW AND ARGUMENT

#### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if "essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kansas v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only a dispute of material fact can create a genuine issue for trial and preclude summary judgment. *Faustin v. City of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).

When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, it satisfies its summary judgment burden by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001). Then "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on its allegations in pleadings, but must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115.

#### B. Anderson Trucking Service is not vicariously liable for driving by Mr. Carroll, who acted within the scope of employment with ATS Specialized.

Ms. Getzel alleges that Anderson Trucking Service is "vicariously liable for the acts and

omissions of . . . Carroll . . . under the doctrine *respondeat superior*." (Compl. (Ex. A) ¶ 39.) *Respondeat superior* is a doctrine under which an employer may be held vicariously liable for the tort of an employee acting within the scope of employment. *Martin v. Perman*, 2019 U.S. Dist. LEXIS 143048, at *9 n.3 (D. Colo. Apr. 12, 2019); *Stokes v. Denver Newspaper Agency, LLC*, 159 P.3d 691, 693 (Colo. App. 2006).

All parties agree that Mr. Carroll acted within the scope of employment with ATS Specialized. (Compl. (Ex. A) ¶¶ 16–17; Defs.' Answer (Ex. B) ¶¶ 16–17.) No reasonable jury could conclude otherwise. Mr. Carroll operated ATS Specialized's tractor and semi-trailer under ATS Specialized's operating authority on a trip ATS Specialized dispatched him on to haul a load a shipper contracted ATS Specialized to transport. (Leis Aff. (Ex. C) ¶¶ 15–19 & Aff. Exs. 2, 3, 4, 5.) As a matter of law, Anderson Trucking Service is not vicariously liable for Mr. Carroll's driving.

Pleading-stage speculation by Ms. Getzel that Anderson Trucking Service could have also employed Mr. Carroll (Pl.'s Resp. to Def. Anderson Trucking Service, Inc.'s Mot. for J. on the Pleadings 5, ECF No. 77) does not save her vicarious-liability theory from summary judgment. First, whether Mr. Carroll had another employer "is irrelevant" because, when the collision occurred, he was driving within the scope of his employment with ATS Specialized. *Courtney v. Class Transp., Inc.*, No. 1:18-cv-02335, 2021 U.S. Dist. LEXIS 6347, at *29-30 (D. Colo. Jan. 13, 2021).

Second, vicarious liability depends upon a principal-agent relationship. *Martin*, 2019 U.S. Dist. LEXIS 143048, at *9 & n.3; *Brightspot Sols., LLC v. A+ Prods., Inc.*, No. 1:20-cv-03335-MEH, 2021 U.S. Dist. LEXIS 129949, at *30–31 (D. Colo. July 13, 2021) (citing

Restatement (Third) of Agency § 7.03(2) (2006)). Ms. Getzel is unable to raise a genuine issue of material fact on elements that must all be present to create one.

**No consent by Anderson Trucking Service for Mr. Carroll to act on its behalf:** "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." *Stortroen v. Beneficial Fin. Co.*, 736 P.2d 391, 395 (Colo. 1987) (en banc) (quoting Restatement (Second) of Agency § 1(1) (1958)). "Agency is thus a legal relation having its source in the mutual consent of the parties." *Stortroen*, 736 P.2d at 395. Ms. Getzel offers no evidence that Anderson Trucking Service consented to an agency relationship with Mr. Carroll in which he would act on its behalf and subject to its control. Absent its consent, no agency existed.

Ms. Getzel attempts to raise a question of fact on the existence of an employment or other agency relationship via deposition testimony by Mr. Carroll that he believed his trucking company was Anderson Trucking Service. (Carroll Dep. (Ex. F) 19:23–21:21.) But Mr. Carroll's personal belief does not help her prove consent by Anderson Trucking Service, essential to formation of any agency relationship.[1]

**No right of Anderson Trucking Service to control details of his performance:** A "central element" in determining whether one performed work as an employee or agent, such that the one employing him may be held vicariously liable, "is the right of the employer to

---

[1] Mr. Carroll's personal belief is not among the factors considered in determining whether he qualified as Anderson Trucking Service's employee. *Norton v. Gilman*, 949 P.2d 565, 567 (Colo. 1997) (en banc). Nor could Mr. Carroll's mis-statement of which entity operated as a motor carrier transporting property interstate and employed him as a commercial semi-truck driver (Carroll Dep. (Ex. F) 19:23–21:21) raise a genuine issue that Anderson Trucking Service, verifiably not a motor carrier (Leis Aff. (Ex. C) ¶ 7), was that motor carrier.

10

control the details of performance of the employee's duties." *Gallinger v. R. Martinez Trucking*, No. 2019CV034727, 2020 Colo. Dist. LEXIS 4613, at *9 (Colo. Dist. Ct., Denver Cnty. Dec. 14, 2020) (citing *Norton*, 949 P.2d at 567, and Restatement (Second) of Agency § 220 (1958)). *Accord* Colorado Jury Instructions for Civil Trials (CJI—Civil) 8:4 ("central element" in employer-employee relationship "is the right to control the details of performance"); CJI—Civil 8:5 (whether worker was employee depends on whether party who engaged worker "had the right to control not only the result of the work, but also the manner in which it was to be performed"). Colorado also looks to other "control factors," including "the right to hire, payment of salary, or the right to dismiss" and who "supplied the instrumentalities or tools." *Gallinger*, 2020 Colo. Dist. LEXIS 4613, at *9, 11–12 (entering summary judgment on *respondeat superior* for defendant that had no right to control performance of truck driver or of motor carrier; did not have any right to hire or fire the driver; did not pay driver or provide worker's compensation insurance; and did not furnish vehicles used).

ATS Specialized alone had the right to direct details of Mr. Carroll's work performance. (Leis Aff. (Ex. C) ¶¶ 9–11.) Anderson Trucking Service had no control over details of Mr. Carroll's work performance or the performance of any ATS Specialized employee. (*Id.* at ¶ 11.) Other "control factors" point to ATS Specialized and exclude Anderson Trucking Service as Mr. Carroll's employer. Only ATS Specialized had rights to hire, fire, and discipline its employees, including Mr. Carroll. (*Id.* at ¶¶ 20, 26.) ATS Specialized dispatched Mr. Carroll on all of his trips and provided all of his instructions for loads he transported. (*Id.* at ¶ 17.) ATS Specialized supervised and managed Mr. Carroll. (*Id.* at ¶¶ 11–12, 19.) ATS Specialized paid Mr. Carroll and bore the cost of worker's compensation insurance. (*Id.* at ¶ 22.) ATS Specialized owned,

operated, maintained, and supplied the tractor and the flatbed semi-trailer Mr. Carroll used. (*Id.* at ¶¶ 13, 15.) Ms. Getzel is unable to demonstrate a genuine issue for trial that Anderson Trucking Service had a right to control how Mr. Carroll performed his duties transporting loads.

The Supreme Court of Colorado has previously recognized that a truck driver transporting a shipment of goods interstate and the tractor and semi-trailer he used were, during the interstate journey, necessarily "under the exclusive control, and subject at all times to the exclusive direction," of the motor carrier under whose interstate authority they operated. *Am. Red Ball Transit Co. v. Indus. Comm'n of Colo.*, 359 P.2d 1018, 1020 (Colo. 1961). The facts that at the time of the collision Mr. Carroll and the tractor and flatbed semi-trailer operated under motor carrier ATS Specialized's active authority to transport property interstate (Compl. (Ex. A) ¶¶ 7, 9–11, 13; Defs.' Answer (Ex. B) ¶¶ 7, 9–11, 13; Leis Aff. (Ex. C) ¶¶ 6, 15–16 & Aff. Ex. 3) and that Anderson Trucking Service had no such authority (Leis Aff. (Ex. C) ¶ 7) foreclose a finding that Mr. Carroll was subject to Anderson Trucking Service's direction and control.

**No act within scope of employment with Anderson Trucking Service:** An essential prerequisite for *respondeat superior* liability is that the employee acted within the scope of employment. *Martin*, 2019 U.S. Dist. LEXIS 143048, at *9 n.3; *Stokes*, 159 P.3d at 693; CJI—Civil 8:22. "That scope is determined by the purpose of the employee's act . . . . Thus, if the negligent act or omission was in the service of the employer's business, the employer is liable . . . ." *Pham v. OSP Consultants, Inc.*, 992 P.2d 657, 658–59 (Colo. App. 1999).

Mr. Carroll turned left onto Baseline Road to deliver the load that a shipper had contracted ATS Specialized to transport and that ATS Specialized had dispatched him to transport. (Carroll Dep. (Ex. F) 76:2–7, 77:5–8, 83:6–13; Leis Aff. (Ex. C) ¶¶ 17–18 & Aff. Ex.

12

4.) His purpose was in service of ATS Specialized's business transporting property interstate (Leis Aff. (Ex. C) ¶ 6)—a business Anderson Trucking Service was not in. (*Id.* at ¶ 7.) All parties agree Mr. Carroll drove within the scope of employment with ATS Specialized. (Compl. (Ex. A) ¶ 16; Def.'s Answer (Ex. B) ¶ 16.) Ms. Getzel cannot raise a genuine issue that he drove within the scope of employment with Anderson Trucking Service.

### C. Anderson Trucking Service is not liable on direct-negligence theories that depend on an employment or agency relationship, because it had neither.

Ms. Getzel's inability to establish an employment or agency relationship between Mr. Carroll and Anderson Trucking Service is dispositive of her direct-negligence theories against Anderson Trucking Service as Mr. Carroll's employer: that it "failed to adequately and properly train, monitor, and supervise its truck driver Carroll" (Compl. (Ex A) ¶ 46) and that it "require[d] its truck drivers to make hazardous left turns in city traffic." (*Id.* at ¶ 42.) "It is axiomatic that a prerequisite to establishing negligent hiring [or negligent supervision and training] is an employment or agency relationship." *Martin*, 2019 U.S. Dist. LEXIS 143048, at *6 (alteration in original) (quoting *Moses v. Diocese of Colo.*, 863 P.2d 310, 324 (Colo. 1993)). *Accord Burgard v. TP Enters., Inc.*, No. 1:17-cv-02537-MSK-SKC, 2020 U.S. Dist. LEXIS 8273, at *9 (D. Colo. Jan. 17, 2020) (elements are "duty, breach, injury, causation—and the establishment of an agency relationship between the employer and alleged employee").

Ms. Getzel relies in particular upon testimony that ATS Specialized contracts with Anderson Trucking Service to assist it in providing some safety and training services. When ATS Specialized contracts for services from Anderson Trucking Services, the services provided are billed to, paid by, and provided on behalf of ATS Specialized. (Leis Dep. (Ex. E) 207:6–20,

13

242:14–243:3; *see also* Leis Aff. (Ex. C) ¶¶ 25–26.) There is "no authority for the proposition that one company's payment to another for services renders the former's employees general agents of the latter." *Reigel v. Savaseniorcare L.L.C.*, 292 P.3d 977, 984 (Colo. App. 2012).

### D. Anderson Trucking Service is not liable for negligent entrustment of vehicles it neither supplied nor controlled.

Ms. Getzel alleges Anderson Trucking Service "negligently entrust[ed] its Peterbilt tractor with flatbed semi-trailer to driver Carroll." (Compl. (Ex. A) ¶ 49.) Colorado recognizes negligent entrustment as a tort with the following required elements:

1) a supplier permitting a third party to use a thing or engage in an activity;
2) which is under the control of the supplier; and
3) the supplier giving such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others.

*Hasegawa v. Day*, 684 P.2d 936, 939 (Colo. App. 1983), *overruled in part by Casebolt v. Cowan*, 829 P.2d 352, 360 (Colo. 1992) (en banc) (rejecting supplier's subsequent control of user or thing as necessary element); *Merz v. Majdic*, No. 84-A-1826, 1985 U.S. Dist. LEXIS 17169, at *2–3 (D. Colo. Aug. 2, 1985). Because ATS Specialized—not Anderson Trucking Service—owned, operated, and supplied to Mr. Carroll the tractor and semi-trailer (Leis Aff. (Ex. C) ¶ 15), Anderson Trucking Service is not liable for negligent entrustment.

### E. Veil-piercing is unavailable as a matter of applicable Minnesota law.

Ms. Getzel seeks to hold Anderson Trucking Service liable as parent corporation of ATS Specialized. (Compl. (Ex. A) ¶¶ 64–68.) She alleges that "ATS Specialized is no more than a mere instrumentality and façade for . . . Anderson Trucking Service." (Pl.'s Resp. to Def. Anderson Trucking Service, Inc.'s Mot. for J. on the Pleadings 11.)

14

Minnesota law governs this claim. "A request to pierce the corporate veil is governed by the law of the defendant company's state of incorporation." *MedTronic Navigation, Inc. v. St. Louis Univ.*, No. 1:12-cv-01706-PAB-MJW, 2013 U.S. Dist. LEXIS 135699, at *26 (D. Colo. Sept. 23, 2013). *Accord Jones v. Marquis Props., LLC*, 212 F. Supp. 3d 1010, 1020–21 (D. Colo. 2016); *All Plastic, Inc. v. SamDan LLC*, No. 1:20-cv-01318-NYW, 2021 U.S. Dist. LEXIS 24080, at *11 (D. Colo. Feb. 8, 2021). Anderson Trucking Service is a Minnesota corporation. (Anderson Trucking Service, Inc.'s Articles of Incorporation, Jan. 3, 1955, and Certificate of Merger, Dec. 14, 2018 (Ex. D).)

A parent corporation and its subsidiary are presumed to be separate. *Ass'n of Mill & Elevator Mut. Ins. Co. v. Barzen Int'l, Inc.*, 553 N.W.2d 446, 449 (Minn. Ct. App. 1996). Their separateness is structural: a corporation's board of directors manages its business and affairs. Minn. Stat. § 302A.201, subd. 1 (2023). "A parent corporation is the stockholder of the subsidiary, and not the manager of the [subsidiary] corporation's affairs." *In re Hibbing Taconite Co.*, 431 N.W.2d 885, 893 (Minn. Ct. App. 1988). "Generally, a parent corporation cannot be held liable for the wrongdoing of a subsidiary without a showing of improper conduct, fraud, or bad faith." *Urban v. Am. Legion Post 184*, 695 N.W.2d 153, 161 (Minn. Ct. App. 2005), *aff'd on other grounds*, 723 N.W.2d 1 (Minn. 2006).

To hold a parent corporation liable for its subsidiary's acts on an alter-ego or veil-piercing claim, a plaintiff must demonstrate both 1) that "the two entities are 'sufficiently intertwined'" such that the subsidiary's corporate form is a mere façade for the parent's dealings and 2) "that piercing the corporate veil is necessary to avoid injustice or fundamental unfairness." *N. Cent. EMS Corp. v. Bound Tree Med., LLC*, No. 0:15-cv-02793-JRT-LIB, 2016

U.S. Dist. LEXIS 17162, at *12 (D. Minn. Feb. 10, 2016). *Accord Cooper v. Lakewood Eng'g & Mfg. Co.*, 45 F.3d 243, 246 (8th Cir. 1995); *A.P.I., Inc. v. Home Ins. Co.*, 877 F. Supp. 2d 709, 731 (D. Minn. 2012). A plaintiff "must raise a genuine issue of material fact as to both elements to avoid summary judgment." *A.P.I., Inc.*, 877 F. Supp. 2d at 731. *Accord Halsne v. Avera Health*, No. 0:12-cv-02409-SRN-JJG, 2014 U.S. Dist. LEXIS 37363, at *25 (D. Minn. Mar. 21, 2014). Ms. Getzel cannot raise a genuine issue on either.

### 1. Ms. Getzel fails to raise a genuine issue of material fact that ATS Specialized was a mere façade for Anderson Trucking Service.

"The first prong of the test requires that 'a number of' the following factors must exist to hold a parent corporation liable for the wrongdoing of a subsidiary: (1) insufficient capitalization, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) insolvency of debtor corporation, (5) siphoning of funds, (6) nonfunctioning of officers and directors, (7) absence of corporate records, or (8) existence of corporation as merely façade for individual dealings." *Urban*, 695 N.W.2d at 161 (quoting *Ass'n of Mill*, 553 N.W.2d at 449–50). Allegations unsubstantiated by "identified support from the record . . . are insufficient to defeat summary judgment." *Halsne*, 2014 U.S. Dist. LEXIS 37363, at *26.[2]

The factors that must be present in numbers to pierce the corporate veil are absent. A corporation treated "as its own [separate] business" by the defendant parent corporation or shareholder "was neither the alter ego nor a mere instrumentality" of the defendant. *Trs. of the Graphic Commc'ns Int'l Union v. Bjorkedal*, 516 F.3d 719, 731 (8th Cir. 2008). Anderson

---

[2] *See also Courtney*, 2021 U.S. Dist. LEXIS 6347, at *29–31 (District of Colorado rejected a plaintiff's assertion without evidence that two companies "were essentially the same entities").

Trucking Service treated ATS Specialized as its own business and abided corporate formalities, and is therefore entitled to summary judgment. (Leis Aff. (Ex. C) ¶¶ 24–33.)

Ms. Getzel does not substantiate allegations that ATS Specialized was a mere façade for Anderson Trucking Service with affirmative evidence. She relies on office addresses and several corporate officers in common (Compl. (Ex. A) ¶¶ 52–56). As a matter of Minnesota law, that is not enough. "[S]ome overlap of corporate formalities and governance" is acceptable without creating a genuine issue of material fact to defeat summary judgment. *Ambor Corp. v. Allina Med. Group*, No. A07-1870, 2008 Minn. App. Unpub. LEXIS 959, at *17–18 (Minn. Ct. App. Aug. 12, 2008). "Parents of wholly owned subsidiaries necessarily control[,] direct, and supervise the subsidiaries to some extent." *N. Cent. EMS Corp.*, 2016 U.S. Dist. LEXIS 17162, at *12 (alteration in original) (quoting *Omega Demolition Corp. v. Hays Group, Inc.*, 306 F.R.D. 225, 230 n.3 (D. Minn. 2015)). Facts that "two companies share employees, offices, and equipment" are "not enough" to demonstrate that they are "sufficiently intertwined." *N. Cent. EMS Corp.*, 2016 U.S. Dist. LEXIS 17162, at *12. Nor does the fact that certain directors of a parent corporation also serve as directors of its subsidiary expose the parent corporation to liability. *Ambor Corp.*, 2008 Minn. App. Unpub. LEXIS 959, at *18.

### 2. Ms. Getzel fails to raise a genuine issue of material fact that ATS Specialized was operated as a constructive fraud or to perpetuate injustice.

"The second, and more important, part of the test requires a finding of injustice or fundamental unfairness, usually meaning that the [subsidiary] corporation 'has been operated as a constructive fraud or in an unjust manner.'" *Halsne*, 2014 U.S. Dist. LEXIS 37363, at *25 (quoting *Miller & Schroeder, Inc. v. Gearman*, 413 N.W.2d 194, 196 (Minn. Ct. App. 1987)).

"The kind of unjust conduct satisfying the unfairness test must be a 'wrong beyond a creditor's inability to collect.'" *A.P.I., Inc.*, 877 F. Supp. 2d at 732 (quoting *In re Intelefilm Corp.*, 301 B.R. 327, 332 (Bankr. D. Minn. 2003)). When the record does not establish that the parent corporation "dominated" the subsidiary "to perpetuate a fraud or injustice such that failure to now hold it accountable would be fundamentally unfair," "[t]hat fact alone warrants summary judgment." *A.P.I., Inc.*, 877 F. Supp. 2d at 732. Ms. Getzel does not even plead that Anderson Trucking Service operated ATS Specialized as a constructive fraud or in an unjust manner. (Compl. (Ex. A) ¶¶ 50–71.) "As such, there is no genuine issue of material fact concerning the second, and more important, part of the test . . . ." *Halsne*, 2014 U.S. Dist. LEXIS 37363, at *25.

IV.   CONCLUSION

WHEREFORE, Anderson Trucking Service respectfully requests that the Court grant its motion and enter summary judgment on all claims for the foregoing legal and factual reasons.

Respectfully submitted this 5th day of May, 2023.

*/s/ Reza D. Rismani, original signature on file*
Reza D. Rismani
Carol L. Thomson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202
Tele: (303) 292-2700
Email: rrismani@tamlegal.com
*Attorney for Defendants*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Reza D. Rismani, original signature on file*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 5th day of May, 2023, I electronically filed a copy of the foregoing with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, which served via email the following counsel of record:

William Babich – firm@babichlawfirm.com
Babich Law Firm, LLC
*Attorney for Plaintiff*

Jerry Rosenthal – jeremy@lfojr.com
Law Firm of Jeremy Rosenthal
*Attorney for Plaintiff*

James M. Dill – jdill@dillfirm.com
The Dill Firm
*Attorney for Defendant Arthur Carroll, III*

                */s/ Victoria Reimche, original signature on file*
                Victoria Reimche