# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**CIVIL ACTION NO. 1:21-cv-02836-DDD-NRN**

JULIET ("JULIE") GETZEL,

Plaintiff,

v.

ATS SPECIALIZED, INC., a foreign corporation;
ANDERSON TRUCKING SERVICE, INC., a/k/a ATS, a foreign corporation; and
ARTHUR CARROLL III, an individual.
Defendants.

---

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT ARTHUR CARROLL AND DEFENDANT ATS SPECIALIZED, INC.'S AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE

---

Plaintiff Juliet "Julie" Getzel, by and through undersigned counsel of record, hereby moves pursuant to Fed.R.Civ.P. 56(a) for summary judgment on Defendant Arthur Carroll and Defendant ATS Specialized, Inc.'s affirmative defense of comparative negligence. In support of her motion, Plaintiff Getzel states:

### I.  STATEMENT OF UNDISPUTED MATERIAL FACTS

The following material facts cannot reasonably be disputed:

1. On January 4, 2019, Defendant Carroll was operating a 2018 Peterbilt tractor with a flatbed semi-trailer. Complaint (Dkt. #4) at ¶ 10; Answer (Dkt. #13) at ¶ 10.

2. Mr. Carroll was making a left turn from the outside turn lane from southbound 30th Street onto eastbound Baseline Road in Boulder, Colorado. Complaint (Dkt. #4) at ¶ 17; Answer (Dkt. #13) at ¶ 17; **Exhibit 1** (Traffic Accident Report) at pp. 1-2.

3. At the same time, Plaintiff Getzel was making a left turn in the inside left turn lane from southbound 30th Street onto eastbound Baseline Road in Boulder, Colorado. Complaint

1

(Dkt. #4) at ¶ 18; Answer (Dkt. #13) at ¶ 18; **Exhibit 1** (Traffic Accident Report) at pp. 1-2.; **Exhibit 2** (Getzel Depo.) at 34:20-35:25.

4. According to the State of Colorado Traffic Report, Case #18-00115, Mr. Carroll and Ms. Getzel proceeded to make a left turn from 30th Street onto Baseline Road when Mr. Carroll's semi-tractor/trailer crossed over the guidelines of his turn lane and collided with Ms. Getzel's vehicle. **Exhibit 3** (Report of Defendants' expert, Bortles) at p. 1; **Exhibit 1** (Traffic Accident Report) at pp. 1-2.

5. The investigating Boulder Police Officer, Austin Willmes, who is a Level II accident investigator, observed and photographed the tire marks documenting the tractor-trailer's intrusion into the adjacent left-turn lane occupied by Ms. Getzel. **Exhibit 1** (Traffic Accident Report); *see also* **Exhibit 3** (Report of Defendants' expert, Bortles) at pp. 6, 15.

6. Defendant ATS Specialized acknowledges that Mr. Carroll off-tracked into Ms. Getzel's lane, where he collided with Ms. Getzel's vehicle. **Exhibit 4** (Leis 30(b)(6) Depo.) at 85:8-86:6, 90:6-13.

7. Due to the height, weight, mass disparity compared to non-commercial vehicles, and special characteristics of commercial motor vehicles, drivers and commercial motor vehicle carriers who operate large CMVs require special knowledge, skill, training and licensing, and face more stringent requirements for safe operation of these tractor-trailers. **Exhibit 5** (Report of Commercial Transportation and Trucking Expert, Adam Grill, with declaration and C.V.) at p. 9. The performance standards to accomplish operating in a reasonably safe manner are substantially different for truck drivers than what is reasonable for drivers of regular cars. *Id.* at pp. 9-12.

8. The Federal Motor Safety Regulations (FMCSR) require that all drivers of commercial motor vehicles shall have knowledge and skill necessary to operate a commercial motor vehicle safely.  FMCSR § 383.3.  *See also* §§ 383.110, 383.111, and Appendix to Subpart G.  **Exhibit 5** (Report of Commercial Transportation and Trucking Expert, Adam Grill) at p. 11.

9. The semi-trailer Defendant Carroll was operating was 53 ft long. **Exhibit 6** (Defendant Carroll Depo.) at 174:17-24.

10. The increased risk and danger to the general public increases truck drivers' responsibilities and performance duties to maintain that same standard of reasonable care proportionate to the risks involved.  **Exhibit 5** (Report of Commercial Transportation and Trucking Expert, Adam Grill) at pp. 9, 13.

11. Mr. Carroll was aware that special skills, knowledge and training are required to be a professional truck driver, of industry safety driving standards applicable to truck drivers, of the need to be aware of everything around the truck, and of the numerous sources on properly executing a left turn so as to not off-track into another lane and hit another vehicle.  **Exhibit 6** (Defendant Carroll Depo.) at 32:21-23, 33:13-34:17, 44:8-24, 53:7-24, 54:6-24, 57:15-58:8, 59:18-60:25, 61:1-16.

12. Mr. Carroll knew he was not allowed to cross into the inner turn lane.  **Exhibit 6** (Defendant Carroll Depo.) at 149:14-150:3.

13. Mr. Carroll started through the intersection first when the light turned green, and Ms. Carroll started approximately two seconds later.  **Exhibit 2** (Getzel Depo.) at 38:25-39:14, 55:1-6.

14. At the time Ms. Getzel and Mr. Carroll were turning, Ms. Getzel was focused on staying in her lane. **Exhibit 2** (Getzel Depo.) at 42:1-8, 52:23-53:11, 54:17-24.

15. After Ms. Getzel started her turn, Mr. Carrol's truck impacted her vehicle within a matter of seconds. **Exhibit 2** (Getzel Depo.) at 39:12-40:15.

16. Mr. Carrol's off-tracking trailer struck the front passenger wheel of Ms. Getzel's Honda. **Exhibit 3** (Report of Defendants' expert, Bortles) at pp. 1, 6, 10, 11.

17. Ms. Getzel was in her lane when Mr. Carroll's truck impacted her vehicle. **Exhibit 1** (Traffic Accident Report); **Exhibit 2** (Getzel Depo.) at 43:12-24, 75:12-23.

18. The force of the impact sent her vehicle into the median. **Exhibit 1** (Traffic Accident Report) at p.2; **Exhibit 2** (Getzel Depo.) at 43:25-44:2, 45:24-46:20.

19. Ms. Getzel's wrist and finger were injured in the collision. **Exhibit 2** (Getzel Depo.) at 57:22-58:22; **Exhibit 1** (Traffic Accident Report) at pp. 1, 3.

20. Defendant Carroll was cited for violation of C.R.S. § 42-4-1402(1)(2)(B), Careless Driving Causing Bodily Injury. **Exhibit 1** (Traffic Accident Report) at pp. 1, 3.

21. Ms. Getzel's First and Second Claims for Relief assert claims against Mr. Carroll based on negligence. Complaint (Dkt. #4) at ¶¶ 26-36.

22. Defendant ATS admits that Defendant Caroll was an employee of ATS Specialized driving in the course and scope of his employment. Answer (Dkt. #13) at ¶¶ 16, 38).

23. Ms. Getzel's Third Claim for Relief asserts claims against ATS Specialized based upon Respondeat Superior. Complaint (Dkt. #4) at ¶¶ 37-40.

24. Defendants have asserted affirmative defenses claiming negligence by the plaintiff in various iterations. Answer (Dkt. #13) at p. 11-12, ¶¶ 5, 9, and 19. (#5. The injuries and damages claimed herein are barred or limited in accordance with the provisions of C.R.S.

Section 13-21-111; #9. The sole proximate cause of the Plaintiff's damages may have been the negligence of the Plaintiff, which negligence bars or reduces his claim pursuant to the Colorado Comparative Negligence Act, and is imputed to the Plaintiff, thereby barring, or reducing his claim; and #19. The injuries or damages to the Plaintiff may have been the result of her own voluntary act and not caused by any act or omission of these Defendants and therefore some or all claims for relief should be dismissed.)

## II. ARGUMENT

A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Depositors Ins. Co. v. Murphy*, 629 F.Supp.3d 1050, 1056 (D. Colo. 2022) (citing Fed.R.Civ.P. 56(c)). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Depositors Ins. Co.*, 629 F.Supp.3d at 1056 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

"Summary judgment is not a disfavored procedural shortcut. Instead, it is an important procedure designed to secure the just, speedy and inexpensive determination of every action." *Depositors Ins. Co.*, 629 F.Supp.3d at 1056 (quoting *Evans v. Cawthorn*, No. 16-3095-DDC-ADM, 2019 WL 5787952, at *3 (D. Kan. Sept. 6, 2019)).

Comparative negligence is an affirmative defense upon which the defendant bears the burden of proof. *Nelson v. United States*, 20 F.Supp.3d 1108, 1138-39 (D. Colo. 2014) (citing *Folck v. Haser*, 164 Colo. 11, 15, 432 P.2d 245, 247 (Colo. 1967)), *rev'd and remanded on other grounds*, 827 F.3d 927 (10th Cir. 2016); *Stevens v. Strauss*, 147 Colo. 547, 551, 364 P.2d 382, 384 (1961)*; Dickinson v. Lincoln Bldg. Corp.*, 378 P.3d 797, 804 (Colo. App. 2015). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), the Supreme Court held that a party seeking

5

summary judgment does not have to provide proof, such as an affidavit, that negates the opposing party's claim. Instead, the court must grant a motion for summary judgment against a party who does not establish an essential element of their case for which they have the burden of proof.

Because both contributory and comparative negligence are premised on negligence, *Dare v. Sobule*, 674 P.2d 960, 962 (Colo. 1984), the same quantum of proof is required to establish those defenses as is required to establish negligence. *Great Western Ry. Co. v. Drorbaugh*, 24 Colo. App. 188, 196, 134 P. 168, 171 (1913). Under Colorado law, negligence requires a showing of "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach of duty caused the injury." *Dolin v. Contemporary Fin. Solutions, Inc.*, 622 F.Supp.2d 1077, 1082 (D. Colo. 2009) (quoting *Raleigh v. Performance Plumbing and Heating, Inc.*, 130 P.3d 1011, 1015 (Colo. 2006)).

Hence, summary judgment must enter against defendants' affirmative defense of comparative negligence where defendants cannot establish a legal duty, breach, and causation to support a claim of comparative negligence.

There is not a genuine of material facts if the record does not support a finding in favor of the non-moving party by a rational trier of fact. *Otten v. BNSF Railway Co.*, No. 22-8025, 2023 WL 1948626, at *13 (10th Cir. Feb. 13, 2023); *Resolution Trust Corp. v. Federal Sav. And Loan Ins. Corp.*, 25 F.3d 1493, 1502 (10th Cir. 1994).

### A. **Defendants Are Not Entitled To An Affirmative Defense of Comparative Negligence.**

A defendant may not raise a defense of comparative negligence as a matter of law if, under the circumstances, the plaintiff "did all he was legally required to do" and had

no duty to do more. *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 154-55, 563 P.2d 939, (1977).

In Colorado, a plaintiff has no duty to anticipate a defendant's negligence. *United States v. Durango & Silverton Narrow Guage RR Co.,* No. 19-cv-01913-REB-NRN, 2020 WL 2832381, at * 7 (D. Colo. June 1, 2020) (citing *Lascano v. Vowell*, 940 P.2d 977, 983 (Colo. App. 1996)). Instead, a driver has a right to believe that others will obey applicable laws and regulations. CJI-Civ. § 11:9; *Ankeny v. Talbot*, 126 Colo. 313, 322, 250 P.2d 1019, 1024 (1952) ("[A] person driving a motor vehicle on a highway has the right to rely upon observance of the law by other persons driving motor vehicles thereon, and that one cannot be charged with negligence in failing to anticipate that other drivers may violate the laws governing the use of highways.").

Defendants' affirmative defense claim of comparative negligence is based on what they describe as "three avoidance scenarios" in which Ms. Getzel purportedly failed to take steps to avoid Mr. Carroll's negligence in off-tracking his trailer into her lane. **Exhibit 3** (Report of Defendants' expert, Bortles) at pp. 2, 22-24. Defendants have asserted that the collision could have been avoided 1) if Ms. Getzel had accelerated normally into the intersection to place herself ahead of Mr. Carroll, 2) if Ms. Getzel had used room to her left to give Mr. Carroll sufficient buffer to execute his turn, and/or 3) if Ms. Getzel had allowed Mr. Carroll to proceed first through his turn and then braked when he encroached into her lane. *Id.* at pp. 2, 22-24. By definition, each of those scenarios presupposes that Ms. Getzel should have anticipated both before and during her turn that Mr. Carroll would allow the back of his trailer to intrude into her lane and strike her in the course of the turn.

7

In their first two proposed "avoidance maneuvers," Defendants assert that Ms. Getzel should have either accelerated into the intersection to place herself ahead of Mr. Carroll or gone to the left side within her turn lane to allow Mr. Carroll to off-track into her lane without hitting her.  **Exhibit 3** (Report of Defendants' expert, Bortles) at pp. 2, 22-23.  However, Ms. Getzel had no legal duty to engage in anticipatory "avoidance maneuvers."  *Ringsby Truck Lines, Inc.,* 193 Colo. 151, 154-55, 563 P.2d 939, 942*; United States v. Durango & Silverton Narrow Guage RR Co.,* 2020 WL 2832381, at * 7*;* and *Ankeny,* 126 Colo. 313, 322, 250 P.2d 1019, 1024.

Additionally, there is no evidence Ms. Getzel had any reason to assume before even beginning her turn that Mr. Carroll would violate the law and off-track into her lane. Defendants have not produced any evidence that she was aware and appreciated that Mr. Carroll would not remain in his lane, or that she would have any time to react before Mr. Carroll off-tracked his trailer and collided with her in her lane during the turn.

Further, even if Ms. Getzel had been able to see and appreciate that Mr. Carroll was off-tracking his trailer into her lane behind her during the course of the turn, she would be legally entitled to assume that he would stop and wait until she no longer occupied the lane or return to his proper lane of traffic before striking her.  *Ringsby Truck Lines,* 193 Colo. at 154-55, 563 P.2d at 942 ("When a driver sees a vehicle approaching him in the wrong lane, he is entitled to assume that the other driver will return to his proper lane of traffic.") (citing *Bird v. Richardson*, 140 Colo. 310, 344 P.2d 957 (1959) and *Ankeny v. Talbot*, 126 Colo. 313, 250 P.2d 1019 (1952)).

In their third proposed avoidance maneuver, defendants assert that Ms. Getzel should have "allow[ed] the truck to proceed through the intersection first" to give her "an

8

unobstructed view of the tractor-trailer as it executed its turn." **Exhibit 3** (Report of Defendants' expert, Bortles) at p. 24.  According to defendants, she then could have braked to avoid the trailer when it began encroaching into her lane.  *Id.*  Again, however, this scenario presupposes that Ms. Getzel had both a legal duty as well as reason to anticipate before even beginning her turn that Mr. Carroll would not remain in his lane.  Again, no such duty or reason exists for Ms. Getzel to anticipate Mr. Carroll would negligently off-track his trailer into her lane.

Defendants seek to impute negligence to Ms. Getzel for focusing on and remaining in her designated lane as required by law instead of taking steps to avoid Mr. Carroll's encroachment into her lane that she was under no duty to anticipate and was not aware of until it happened.  Indeed, defendants suggest in their second avoidance scenario that it wasn't enough that Ms. Getzel remain in her lane, but that she should have yielded the right portion of her lane to Mr. Carroll to enable him to encroach into it.  Defendants understandably can offer no legal support for such a duty.

By remaining in her lane under the legal belief that Mr. Carroll would do the same, Ms. Getzel did all she was legally required to do.  *Ringsby Truck Lines,* 193 Colo. at 154-55, 563 P.2d at 942.

Finally, where the driver of an automobile suddenly realizes that he is placed in danger from the negligence of another, he cannot be charged with negligence for an error of judgment when instantaneous action is required.  *Ankeny*, 126 Colo. at 322, 250 P.2d at 1024.  Here, Mr. Carroll's encroachment and impact with Ms. Getzel's vehicle happened within a matter of seconds in the course of his turn.

WHEREFORE, Plaintiff Julie Getzel respectfully requests that her Motion for Summary Judgment on Defendant Arthur Carroll and ATS Specialized Inc.'s Affirmative Defense of Comparative Negligence be GRANTED, and for such further and other relief the Court deems appropriate.

## CERTIFICATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Respectfully submitted,

BABICH LAW FIRM

*/s/ William Babich*
William Babich
2750 South Wadsworth Blvd.
Suite C-206
Denver, CO 80227
Tele: (303) 691-5222
Email: firm@babichlawfirm.com

Cheney Galluzzi & Howard, LLC

*/s/ Timothy C. Galluzzi*
Timothy C. Galluzzi
Kevin B. Cheney
2701 Lawrence St., Suite 201
Denver, CO 80205
Tele: (303) 209-9395
Email: tim@cghlawfirm.com
           kevin@cghlawfirm.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on August 22, 2023, via CM/ECF federal court filing system, the foregoing Motion was filed with the Court and served to the following:

Reza D. Rismani, Esq.
Carol L. Thomson, Esq.
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202
*Attorneys for all Defendants*

Elaine M. Stoll, Esq.
Gregory A. Kendall, Esq.
Porter Rennie Woodard Kendall, LLP
659 Van Meter Street, Suite 510
Cincinnati, OH 45202
*Attorneys for all Defendants*

James M. Dill,Esq.
The Dill Law Firm
825 Lafayette Street
Lafayette, LA  70502
*Attorney for Defendant Arthur Carroll, III*

                                                 *s/ Carlee Napper*
                                                 Carlee Napper