**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-02836-DDD-NRN

JULIET GETZEL,

    Plaintiff,

v.

ATS SPECIALIZED, INC; and
ARTHER EDWIN CARROLL, III,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE
JUDGE'S MINUTE ORDER ON REDACTED MEDICAL
RECORDS**

Before the Court is Defendants' objections (Doc. 147) to Magistrate Judge Neureiter's Minute Order (Doc. 79) denying Defendants' objections to Plaintiff's medical record reactions and privilege log. Defendants' objections are overruled.

**BACKGROUND**

Plaintiff Juliet Getzel alleges she was seriously injured when a semi-truck driven by Defendant Arthur Carroll III struck her car. The parties have agreed that the accident occurred when the rear wheels of Mr. Carroll's truck encroached into Ms. Getzel's lane while they were both turning left in adjacent lanes. Ms. Getzel has sued Mr. Carroll and his employer, ATS Specialized, Inc.

The objections now before the Court relate to Defendants' efforts to discover Ms. Getzel's medical records. Ms. Getzel filed initial disclosures, including her medical records, with many redactions and a

privilege log attached. These medical records have been supplemented multiple times. *See* Doc. 129-7–13. The privilege log details three overarching categories of redactions: (1) unrelated medical information protected by physician-patient privilege; (2) insurance payments and information excluded by the collateral source doctrine; and (3) private or confidential personal information. Doc. 129-13; Doc. 146 at 2–3. Defendants objected to these redactions, and after unsuccessfully trying to resolve the dispute out of court, the parties brought the issue to Judge Neureiter. Doc. 129. After reviewing a sample of the redacted and unredacted medical records in camera, Judge Neureiter issued the following minute order:

> The Court reviewed these documents as a sample of Plaintiff's redactions to determine their propriety and examine whether further in camera review is merited.
>
> Upon review, the Court finds that Plaintiff's redactions are consistent with the privilege log and appropriate. The redactions involve unrelated, irrelevant medical procedures or treatment; private information such as telephone numbers or social security numbers; or information related to insurance. None are inappropriate.
>
> Accordingly, Defendants' objections to the propriety of the redactions are OVERRULED. To the extent Defendants seek further in camera review of medical records, such request is DENIED.

Doc. 136. Defendants filed timely objections to this order, which are now before me. Doc. 147.

## STANDARD OF REVIEW

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a Court should "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This is a "significantly deferential" standard. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991). The

magistrate judge's factual findings may not be set aside unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The legal determinations may be set aside if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3069 (2d ed.)).

## DISCUSSION

Defendants' objections are largely repetitive of the arguments they presented to Judge Neureiter. Their objections do not identify any clear error in the order. In fact, Defendants' objections "show[ ] no awareness that anything like 'clearly erroneous or contrary to law' is the standard of review, or even that there is a standard of review." *Equal Employment Opportunity Comm'n v. Centura Health*, No. 16-mc-0055-WJM-CBS, 2018 WL 1616807, *2 (D. Colo. April 4, 2018) (*aff'd* 933 F.3d 1203, (10th Cir. 2019)). They do not specifically object to any misapplication or misinterpretation of a legal standard, and the general arguments they present do not show clear error.

In camera review of a disputed privilege log is an appropriate method to resolve objections. *See Alcon v. Spicer*, 113 P.3d 735, 742 (Colo. 2005). The fact that Judge Neureiter only reviewed a sample of the records was not clear error, particularly as Defendants do not make any argument why the sample was not representative of the privilege log as a whole. Defendants' attempt to distinguish *Alcon* is unavailing. While that case

3

concerned a much larger scope of discovery, the legal issue was the same, and *Alcon* has been followed by courts in this district when considering an assertion of physician-patient privilege. *Gordon v. Rice*, No. 13-cv-00514-RBJ-MEH, 2014 WL 903205, *4 (D. Colo. March 7, 2014); *Bach v. Hyatt Corp.*, No. 08-cv-00842-REB-KMT, 2009 WL 1965522, *1 n. 2 (D. Colo. July 7, 2009). *Alcon* also makes clear that the physician-patient privilege limits the discoverability of even some relevant information. "Extending waiver to anything that is relevant would be to allow the exception to destroy the privilege. Such a standard 'would ignore the fundamental purpose of evidentiary privileges, which is to preclude discovery and admission of relevant evidence under prescribed circumstances.'" *Alcon*, 113 P.3d at 741 (quoting *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994)).

While Defendants are correct that the collateral source doctrine does not render collateral payments undiscoverable, only inadmissible at trial, they have not shown that any of the insurance information they seek is relevant and should be discoverable. *See Silva v. Western Basin, Inc.*, 47 P.3d 1184, 1185 (Colo. 2002). Defendants' objections are rife with asserted assumptions about what is contained in the redacted medical records, and why it should therefore be discoverable. *See* Doc. 147 at 6–7 ("If the medical information was relevant for the doctor to consider and include in his records, then the medical information is relevant to this case."); *Id.* at 7–8 ("The applicability of this doctrine cannot be assessed without knowing the source of the payment . . . Either way, the defendants are entitled to this insurance information during discovery."); *Id.* at 8–9 ("[S]ocial habits are also discoverable as potentially relevant . . . it is reasonable to assume this information is relevant to her medical condition."). Such assumptions may have been sufficient reason to justify in camera review by Judge Neureiter. But

4

Judge Neureiter reviewed unredacted records and concluded, after assessing their contents, that the information was privileged, irrelevant, unrelated, and otherwise appropriately redacted. *See* Doc. 136. Defendants' speculations do not override the Magistrate Judge's informed decision.

## CONCLUSION

Defendants' Objections to Magistrate Judge Neureiter's Minute Order on Redacted Medical Records (Doc. 147) are OVERRULED.

DATED: January 19, 2024.                    BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

5